W. J. Byrnes & Co. of N. Y., Inc. *v.* United States

No. 4631.—Invoice dated Paris, France, September 15, 1937.
    Entered at New York October 1, 1937.
    Entry No. 747693.

(Decided August 23, 1939)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Tilson, Judge: This appeal to reappraisement involves the proper dutiable value of certain cloth and lace imported from France, and entered at the port of New York on October 1, 1937. The merchandise was invoiced at $125. On entry the importer added $35.82 to make market value. There was also added under duress on entry an item of $9.53, representing an 8 per centum tax, and the merchandise was appraised as entered, using as a basis therefor the foreign-market value.

At the trial of the case the examiner who examined the merchandise testified in substance that if the so-called French tax were not a dutiable item that the entered value less the item of $9.53, representing said tax, would be the proper dutiable value of the merchandise. Therefore, the only question presented is whether or not this French tax of 8 per centum should be included as a part of the dutiable value of the merchandise.

The plaintiff offered in evidence 6 special agents' reports, the first one being dated February 2, 1937, and the last one being dated August 12, 1937. In Exhibit 2 the special agent states that there is attached thereto as Exhibit 1 a copy of the Fiscal Reform Bill promulgated January 1, 1937, French text. As offered in evidence and as it now appears Exhibit 2 does not have attached thereto Exhibit 1, as stated in said report. Said Exhibit 2 also states that there is attached thereto as Exhibit 2 the—

English translation of Articles 1 to 15 of the Fiscal Reform Bill promulgated January 1, 1937. Note: This translation is more or less literal and technical interpretations of the law should not be made therefrom without comparison with the French text.

Whether or not articles 1 to 15 of said bill contain all of said law that is necessary to a proper decision on this case, upon the record presented, I am unable to determine. For all this record shows articles 16 to 25 of said bill may have a more vital bearing on the proper determination of this case than do articles 1 to 15. It has long been my understanding that in the introduction in evidence of documents such as this Reform Bill it was necessary to offer the entire bill and not portions or excerpts therefrom. Neither is there any evidence in this record to indicate that that portion of said bill included as a part of Exhibit 2 is a true and correct translation thereof, who made the translation, or that whoever made said translation had any knowledge of either the English or French language.

Exhibit 3 is devoted principally to a discussion and to the special agent's construction of the said law, and, while interesting, is of little assistance to this court in this case, since it is the function of this court to construe the law, rather than accept the construction placed thereupon by a special agent. The record indicates that merchandise is often sold many times without the payment of the involved tax, and in other cases the tax is paid on the first sale. In view of the presumption of correctness attaching to the action of the appraiser it must be assumed that merchandise such as or similar to that in this case was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, but upon this record I am unable to make a definite finding that such sales were made without the inclusion of said tax.

I have given careful consideration to all the evidence in this case, and I do not feel that the weight to be given thereto is sufficient to overcome the presumption of correctness attaching to the action of the appraiser. In view of the record before me this decision should be understood as applying to this case only. On the record presented I find that the proper foreign value of the merchandise in this case is the value found by the appraiser. Judgment will be rendered accordingly.