BERT FRIEDBERG & Co. *v.* UNITED STATES

No. 7584.—Invoice dated Paris, France, July 13, 1939.
Certified July 13, 1939.
Entered at San Francisco, Calif., August 10, 1939.
Entry No. 1378 (A).

(Decided April 28, 1948)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil* and *Samuel D. Spector,* special attorneys), for the defendant.

MOLLISON, Judge: This is an appeal for reappraisement from findings of value made by the United States appraiser at the port of

San Francisco on certain prism binoculars imported from France in August 1939. They were entered on the basis of the invoiced prices, cases and packing added, plus the following amounts added under so-called duress under the provisions of section 503 (b) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1503 (b)), to meet advances by appraisers in similar cases: 9 per centum representing the French unique or sole tax, and 1 per centum representing the French armament tax. Appraisement was made at the entered values on the basis of foreign market value, which is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

At the trial of the issue counsel for the plaintiff abandoned any claims with respect to the 1 per centum French armament tax. It is obvious that on the trial of the case the plaintiff sought to narrow the issue before the court to the question of the validity of the inclusion of the 9 per centum French unique or sole tax in the foreign value of each of the items of binoculars in question. However, subsection (a) of the valuation statute, section 402 of the tariff act, provides that—

\* \* \*.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

and it was therefore incumbent upon the plaintiff (in the absence of a concession or admission on the part of the defendant) to establish either that no export value existed within the meaning of the definition of export value contained in section 402 (d), or that if one existed it was no higher than the foreign value. It was established that the unique or sole tax did not apply on transactions for export.

The record in the case at bar consists not only of testimonial and documentary evidence, but also the records in the cases of *W. J. Byrnes & Co. of N. Y., Inc.* v. *United States*, reappraisement No. 122137–A, decided August 23, 1939, and reported in 3 Cust. Ct. 553, Reap. Dec. 4631; *Associated Merchandising Corp.* v. *United States*, reappraisement No. 122706–A, decided November 20, 1940, and reported in 5 Cust. Ct. 604, Reap. Dec. 5050; and *Raphael Weill & Co.* v. *United States*, reappraisement No. 129126–A, decided September 29, 1943, and reported in 11 Cust. Ct. 423, Reap. Dec. 5935, which decision was affirmed on appeal on November 14, 1944, reported in 13 Cust. Ct. 402, Reap. Dec. 6069. The incorporated records relate particularly to the tax phase of the case, while the testimonial and documentary record made herein relates to the export value phase of the case.

Before considering the applicability or nonapplicability of the unique or sole tax to the foreign value of the merchandise in question, first inquiry must be to determine the existence or absence of export

value, and if the former, whether it was lower, the same, or higher than the foreign value. The evidence in this respect is admitted by counsel for the plaintiff to be "not strong."

It appears that the binoculars here involved were purchased by the plaintiff through a buying agent, Francis Thynne Co., resident in France, from two manufacturers, one L. Struxiano and the other H. V. Clement, both of Paris.

The only evidence bearing upon the possible absence of an export value found in the record is the testimony given at the trial by the importer of the merchandise in issue that he had exclusive rights to sell in California the products of the two manufacturers of the binoculars here involved. It developed, however, that the witness had merely an oral understanding with the *buying agent*, and, while certain documentary evidence was offered purportedly bearing upon the relationship between the importer and the manufacturers involved, the said documentary evidence was withdrawn by counsel for the plaintiff before the conclusion of the trial. I hold, therefore, that plaintiff failed to establish the absence of an export value for merchandise such as or similar to that here in issue.

As to the existence of export value, plaintiff's evidence was directed toward establishing that the export value was no higher than the foreign value, less the unique or sole tax. A document identified by the importer as a price list he received from his buying agent for the binoculars of one of the manufacturers involved was offered in evidence by the plaintiff. It was received as exhibit 2 over certain objections of counsel for the defendant which go to its weight, rather than to its admissibility. There were also offered and received in evidence in connection with exhibit 2, presumably to show sales under the said price list, the invoice in the case at bar and two other invoices from the buying agent of binoculars *sold to the plaintiff herein*, which invoices bear item numbers the same as some of those here involved and which also appear on the price list, exhibit 2. I find upon examination of the entire record, however, that the plaintiff has failed to offer any proof whatsoever tending to establish that the prices shown on exhibit 2 or on the invoices represent the prices at which binoculars such as or similar to those here in issue were *freely offered for sale to all purchasers* in the principal markets of France, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, as required by the statute, section 402 (d).

Without such proof no *prima facie* case in favor of the plaintiff's contentions could be made out, and in view of this state of the record it is unnecessary to consider the further contentions of the plaintiff

with respect to the claimed nonapplicability of the unique or sole tax to the foreign value of binoculars such as or similar to those in issue. Under the law governing the disposition of appeals for reappraisement, section 501 of the Tariff Act of 1930, as amended by section 16 (b) of the Customs Administrative Act of 1938 (19 U. S. C., 1940 ed., § 1501 (a)), I have no other course than to hold that the proper basis for the determination of the value of the binoculars here involved is foreign value as defined in section 402 (c) of the Tariff Act of 1930, as amended, and that such value for each of the items in question is the appraised value.

Judgment will issue accordingly.